# Richmond.

## ROBINSON v. COMMONWEALTH.

November 30, 1910.

Absent, Cardwell, J.

1 CRIMINAL LAW—*Appeal from Justice—Change in Warrant Pending Trial—Code, Section 4107.*—Under the broad powers conferred upon the trial court by section 4107 of the Code, it was entirely competent for the court of its own motion, pending the trial of an appeal from the justice of the peace, to direct the attorney for the Commonwealth to change the warrant from an attempt to commit larceny of oats, to an attempt to obtain money by false pretenses. While it would have been more regular, perhaps, to have directed the change to have been made before the trial began, yet where the prisoner did not ask for a continuance, and there is nothing to indicate that he was prejudiced by the amendment during the trial, the irregularity is harmless.

2. APPEAL AND ERROR—*Correct Verdict—Rulings on Admission of Evidence.*—Rulings of the trial court upon the admission of evidence will not be reviewed by this court, where, upon the evidence properly before the court, as to which three was neither contradiction nor conflict, no other verdict than the one complained of could have been rendered.

Error to a judgment of the Hustings Court of the city of Richmond, on an appeal from a judgment of the police justice.

*Affirmed.*

The opinion states the case.

*W. Kirk Mathews*, for the plaintiff in error.

*Samuel W. Williams, Attorney General*, for the Commonwealth.

Keith, P., delivered the opinion of the court.

A warrant was issued against James Robinson, command-
ing him to appear before the police justice of the city of
Richmond, to answer for an attempt to take, steal and carry
away one hundred and ninety pounds of oats, of the aggre-
gate value of $3.68, of the goods and chattels of the city of
Richmond, and stating the acts done by Robinson toward the
committing of the above offense. He was found guilty by
the police justice and sentenced to confinement in the city jail
for the term of ninety days. From this judgment Robinson
appealed to the hustings court, where he was tried before a
jury, which found him guilty of an attempt to commit petit
larceny, and ascertained his punishment at ninety days in
the city jail; and the case is now before us upon a writ of
error to the judgment upon that verdict.

Before the jury was sworn the accused, by counsel, moved
the court to quash the warrant issued against him, which
motion the court overruled. After the testimony had all been
put before the jury and the attorney for the Commonwealth
and counsel for the accused had asked for instructions to the
jury, the court directed the Commonwealth's attorney to
amend the warrant and change the charge from an attempt
to take, steal and carry away one hundred and ninety pounds
of oats, the goods and chattels of the city of Richmond, to an
attempt to obtain money under false pretenses; and to this
ruling of the court the defendant excepted.

Section 4107 of the Code, under which the court was pro-
ceeding, gives very ample powers to the court to which ap-
peal is taken with respect to the warrant issued by the jus-
tice of the peace. So much of it as is necessary to be here
considered is as follows: "Upon the trial of the warrant in
the circuit court of the county or corporation or hustings
court of the corporation, the court shall have authority upon
its own motion, or upon the request either of the attorney for

the Commonwealth, or for the accused, to amend the form of the warrant in any respect in which it appears to be defective. But when the warrant is so defective in form that it does not substantially appear from the same what is the offense with which the accused is charged, or even when it is not so seriously defective, the judge of the court having examined on oath the original complainant, if there be one, or if he sees good reason to believe that an offense has been committed, then without examination of witnesses may issue under his own hand his warrant, reciting the offense and requiring the defendant in the original warrant to be arrested and brought before him. Upon the arrest of the defendant on the new warrant and his production or appearance in court the trial shall proceed upon the new warrant. Where there is an amendment of the original warrant the trial shall proceed on the amended warrant. But whether the warrant is amended or new warrant is issued, the court before proceeding to trial on the same may grant a continuance to the Commonwealth, or to the prisoner, upon such terms as to costs as may be proper under the circumstances of the case."

The facts recited in the original and the amended warrant are substantially the same, as follows: "Whereas, C. A. Gibson, has this day made complaint and information on oath before me, W. J. Griggs, a justice of the peace of said city, that on the 18th day of August, 1909, at said city, James Robinson did unlawfully attempt to take, steal and carry away three dollars and sixty-eight cents of the money, goods and chattels of the city of Richmond, a municipal corporation; and in his said attempt that he, the said James Robinson, who was then and there in the employ of Edward Alvey, who was then and there doing business under the firm name of Alvey Bros., the said Alvey Bros., being then and there under a contract to sell and deliver to the said city of Richmond certain oats to be paid for by said city of Richmond by weight to be made by the city weighmaster, then and there

placed or caused to be placed in the wagon with said oats certain stones of the weight of one hundred and ninety pounds and caused said stones to be weighed by the city weighmaster with said oats, and a certificate therefor to be given of said weight of said stones by the city weighmaster, in order that payment for one hundred and ninety pounds of oats which were not received by the city of Richmond should be made by the city of Richmond, but did not succeed in his said attempt."

It is obvious that this was not an attempt to commit larceny of the oats, but was an attempt to obtain money under false pretenses, and the judge of the hustings court very properly exercised the broad power given him by section 4107 of the Code, when he required the warrant to be amended in the particular that has been pointed out. It would have been, perhaps, more regular if this had been done before the trial began, but the difficulty was doubtless not brought to the attention of the court until it developed upon the trial of the case. The accused did not ask for a continuance and there is nothing to indicate that he was prejudiced in any degree by the fact that the amendment was made during the progress of the trial.

The proof before the jury was by two eye-witnesses who saw the accused drive a wagon loaded with oats up to the city scales where they were weighed, and saw the accused, after leaving the city scales, drive up under the viaduct of the Chesapeake and Ohio Railroad, stop his wagon, remove his coat which he had on the top of some bags, take stones from underneath the coat and throw them off. These stones were counted and placed upon the scales, and their weight ascertained to be one hundred and ninety pounds. Not only are these facts proved by the independent testimony of the witnesses, but the confession of the accused, covering every fact set out in the warrant was also before the jury; and no witnesses were introduced on behalf of the accused.

Exception was taken to the evidence of Joseph Heindl, who testified over the objection of the accused, that he had seen him throw stones from a wagon of Alvey Bros. during the latter part of April, 1909, while the offense with which the accused was charged occurred in August, 1909.

We shall not stop to inquire whether this exception was well taken. Upon the evidence properly before the jury, as to which there was neither contradiction nor conflict, no other verdict than the one complained of could have been rendered.

We are of opinion that there was no error in the judgment of the hustings court, and it is affirmed.

*Affirmed.*