Staunton.

EDDY v. COMMONWEALTH.

September 11, 1916.

1. CRIMINAL LAW—*Misdemeanors—Jurisdiction of Corporation Courts—Consent of Accused.*—Under section 4106 of the Code, police justices in cities have exclusive original jurisdiction of misdemeanors and no consent or waiver on the part of the accused can confer jurisdiction on the corporation courts.

2. CRIMINAL LAW—*Conviction Under City Ordinance—Appeal—Amendment of Warrant—Consent of Accused.*—Where a prisoner convicted by a police justice of the violation of a city ordinance against houses of ill fame appeals to the corporation court, neither the attorney for the Commonwealth nor the police justice can, pending the appeal, change the warrant so as to charge an offense under section 3790 of the Code. There having been no conviction of any offense under the statute, the provisions of section 4107 of the Code as to amendments and changes of the warrant has no application, and until such conviction, the corporation court has no jurisdiction, with or without the consent of the accused, to hear and determine a charge of misdemeanor under section 3790.

Error to a judgment of the Corporation Court of the city of Roanoke.

*Reversed.*

The opinion states the case.

*A. B. Hunt,* for the plaintiff in error.

*Jno. Garland Pollard, Attorney-General,* and *Leslie C. Garnett, Assistant Attorney-General,* for the Commonwealth.

CARDWELL, J., delivered the opinion of the court.

The plaintiff in error, Ella Eddy, upon a warrant theretofore issued by the police justice of the city of Roanoke, was, on the 17th day of February, 1915, tried and convicted by said justice of a violation of an ordinance of the city, which is as follows:

"Sec. 419. Any person who shall keep a house of ill fame, resorted to for the purpose of prostitution or lewdness, shall be fined not less than five nor more than one hundred dollars, and in the prosecution of this offense the general character of the house may be proved."

Upon the conviction of plaintiff in error, judgment was entered against her for a fine of $50 and the cost, fifty cents, from which judgment she appealed to the corporation court of the city, and executed and filed the appeal bond required of her; whereupon the papers in the cause were duly certified by the police justice to the clerk of the corporation court.

After the record so certified by the police justice to the corporation court had been by the clerk of that court received, which constituted the entire record in the case, the prosecuting attorney for the city of Roanoke prevailed upon the police justice to write a warrant charging plaintiff in error with a violation of section 3790 of the Code of Virginia, and that warrant was substituted, either by the prosecuting attorney or by the police justice, in the record for the original warrant upon which she had been convicted and from which conviction she had matured her appeal. This change of the record that had been filed with the clerk of the corporation court on the appeal was made without her knowledge or consent, which is not denied.

Section 3790 of the Code, under which this substituted warrant was drawn, provides for a mandatory sentence upon conviction of the accused to confine-

ment in jail not exceeding one year, in addition to a
fine not exceeding $200, while the city ordinance,
upon which plaintiff in error had been tried in the police
court and from which trial and judgment there rendered
against her she appealed to the corporation court, does
not authorize the imposition of punishment by con-
finement in jail upon conviction, or a fine exceeding
$100.

On the 10th day of March, 1915, plaintiff in error
appeared in the corporation court, pursuant to the
terms of her appeal bond, and when her case was called
for trial, not then knowing that the warrant on which
she had appealed from the judgment of the police jus-
tice had been taken from the record and a warrant
charging her with a violation of the statute, section
3790, *supra,* substituted in its stead, she entered the
plea of not guilty, upon which issue she was tried and
the jury found her guilty and fixed her punishment by
fine of $100 and confinement in jail ninety days. She
thereupon moved the court to set aside the verdict of
the jury and in arrest of judgment, which motion the
court took under consideration until March 27, 1915.
Prior to last named date and subsequent to her trial
on March 10, 1915, plaintiff in error, through her
counsel, discovered that the warrant under the State
statute had been substituted in the record in the place
and stead of the warrant charging her with a violation
of the city ordinance, and then moved the court to
correct its record so as to allow her to plead upon a
trial, on appeal, to the warrant upon which she had
been convicted and from which she had appealed, and
to strike out from the substituted warrant in the record
the endorsement of the police justice thereon, and to
vacate and arrest judgment on the verdict of the jury,
upon the ground that the court was without jurisdiction

in the premises, which motions were supported by evidence given by Beverley Berkeley, police justice, and Everett Perkins, prosecuting attorney of the city of Roanoke, but these motions were all overruled and judgment entered March 27, 1915, on the verdict of the jury, to which judgment this writ of error was awarded.

It is not controverted that section 4106 of the Code confers exclusive original jurisdiction, in cases of this class, upon the police justices of the several cities in the State, and denies to the corporation courts of the cities original jurisdiction therein. Nor can it be questioned that it is apparent upon the face of the record in this case that prior to the entry of the judgment of which plaintiff in error complains there had never been a trial before the police justice upon the warrant charging her with an offense under section 3790 of the Code; and that the trial into which she was led by reason of the want of knowledge of the fact that the record had been altered, as stated, and as to her rights in the premises, was an original proceeding in the Corporation Court for the city of Roanoke, of which that court had no jurisdiction. Section 4106 having denied the Corporation Court of the city of Roanoke original jurisdiction in such a case, clearly it was not within the power of plaintiff in error, had she desired to do so, to confer jurisdiction upon that court to try the substituted warrant against her, or waive her rights touching the court's jurisdiction. She had a right to a trial upon her appeal from the judgment of the police justice convicting her of an offense against a city ordinance imposing a fine, upon conviction, alone; while she has been tried, convicted and sentenced to pay a fine of $100 and be confined in jail for ninety days under a warrant upon which she has

never had a trial in the police court having exclusive original jurisdiction of the case.

This is not of that class of cases dealt with in *Robinson's Case*, 111 Va. 844, 69 S. E. 518, approved in *Flint's case*, 114 Va. 820, 76 S. E. 308, relied on by the learned Assistant Attorney-General, in which it is held that under the broad powers given the judge of the trial court (Code, 1904, sec. 4107) on the appeal from the justice of the peace, the court may either amend the old warrant so as to charge the offense with certainty, or issue a new warrant in the very terms upon which the defendant was tried by the justice. Nor does this case come within the purview of *Read's Case*, 24 Gratt. (65 Va.) 622, and *Brown* v. *Epps*, 91 Va. 726, 21 S. E. 119, 27 L. R. A. 676, which merely held that on an appeal from a police justice to a corporation court, the latter is given original jurisdiction to try the cause upon its merits, as if the justice had passed no judgment upon it. Here plaintiff in error is not complaining of the trial court's having amended the warrant upon which she had been tried in the police court and from which she had appealed, but is complaining, and her complaint is borne out by the record, that she has been tried, convicted and sentenced to pay a fine and suffer confinement in prison under a warrant upon which she has never been tried by the court having exclusive original jurisdiction of the case. The motive which prompted the police justice and the prosecuting attorney in the substitution of the warrant upon which plaintiff in error was tried in the corporation court for the warrant upon which she had matured her appeal to that court was doubtless good, and intended to further the ends of justice; but such a practice is not to be approved, for there is no authority in law for it. The plain fact

appearing upon this record is that plaintiff in error has been tried and convicted in the corporation court upon a warrant so made out as to charge her with an offense under the statute, with which she had not theretofore been charged, making her a defendant at the instance of the Commonwealth, of which offense the corporation court was without original jurisdiction, whereas the complaint that she had previously been called upon to answer was that of a violation of a city ordinance, made at the instance of the city of Roanoke.

It follows that the judgment of the Corporation Court of the city of Roanoke complained of has to be reversed, and this court will enter the judgment which that court should have entered, dismissing the proceeding.

*Reversed.*