# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## JOE MALOUF v. CITY OF ROANOKE.

February 24, 1941.

Record No. 2379.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*Walter H. Scott* and *T. W. Messick,* for the plaintiff in error.

*R. S. Smith* and *R. T. Edwards,* for the defendant in error.

Hudgins, J., delivered the opinion of the court.

Joe Malouf, without requiring a warrant to be issued, was convicted by a police justice of the city of Roanoke for conducting a "baseball pool" on September 24, 1939, in violation of a city ordinance. He immediately sought an appeal and gave the required bail. Thereafter the police justice issued a warrant under date of September 26, 1939, entered a judgment of conviction as of September 25, 1939, and noted an appeal on the warrant. These papers were duly filed with the clerk of the Hustings Court of the city of Roanoke and the case placed on the trial docket.

When the case was called for trial in the Hustings Court on October 6, 1939, the accused moved to dismiss the warrant on the ground that it charged an offense against the State statute, whereas he had been tried before the police justice for violating a city ordinance. The Commonwealth attorney conceded the facts stated to be true, whereupon the court entered an order reading:

"This day came the Attorney for the Commonwealth of Virginia and the defendant, Joe Malouf, came into

court in obedience to his recognizance and thereupon the defendant, by counsel, moved the court to dismiss this appeal on the ground that the judgment of the police justice is a void judgment, which motion the court sustained and the appeal is hereby dismissed.

"Thereupon, it appearing to the court that the defendant, Joe Malouf, was tried and convicted in police court on a charge of violating section 8 of chapter 68 of the city ordinances and noted an appeal from the judgment of said court and the appeal was sent up to the Hustings Court of the city of Roanoke, Virginia, on a Commonwealth warrant, and it further appearing to the court that the civil and police justice has prior jurisdiction in the trial of misdemeanors, it is therefore ordered that the warrant in this case be and the same is hereby remanded to said civil and police justice for further or any proceedings of which he may be advised in the premises."

It is stated in the briefs that immediately after the hustings court directed a dismissal of the case and a discharge of the prisoner from custody, the prisoner and his attorneys left the courtroom. Later, "without the knowledge or consent of petitioner or his counsel, (the court) entered an order remanding the warrant to the civil and police court for further, or any proceedings of which said police justice may be advised."

When this warrant and the order of the hustings court were received by the police justice, he, on or about October 21st, prepared another warrant specifically charging the accused with the violation of the city ordinance, signed it as of September 26, 1939, entered the same judgment of conviction as of the 25th of September, and noted an appeal. The dates stated in the new warrant were the same as those stated in the former warrant. This substituted warrant, without the knowledge of or notice to the accused, was delivered to the clerk, who entered it as a new case on the pending trial docket.

To this substituted warrant the accused filed a plea of former jeopardy, in which it was alleged that the accused was the same person named in the former warrant and judgments, and that the charges in the former proceedings and in this proceeding were the same. In addition, the accused moved to dismiss the case on the following grounds: (1) That the police justice had no jurisdiction to issue the warrant; (2) that the judgment entered thereon was void; and (3) that there had been no trial on the warrant and no one had been authorized to take an appeal from the judgment of the police justice.

The plea of former jeopardy was rejected, the motion to dismiss overruled, and a jury impanelled to try the accused. When the verdict of conviction was returned, the accused moved to set it aside on the various grounds heretofore stated. This motion was overruled and judgment was entered on the verdict. From this judgment the accused obtained this writ of error.

The first question presented is whether the plea of former jeopardy is sufficient to bar the prosecution.

It is conceded that the only charge considered by the police justice was the offense against the city ordinance. It is likewise conceded that the first warrant before the hustings court charged a violation of a State statute. The same act constituted a violation of the municipal ordinance and a violation of a State statute. It is further conceded that the Hustings Court for the city of Roanoke had no original jurisdiction to try the accused for either the offense against the Commonwealth or the offense against the municipality, as the police justice is clothed by statute with exclusive original jurisdiction in all such cases.

The pertinent part of Code, section 4775, relied upon to support the plea, provides: ''If the same act be a violation of two or more statutes, or of two or more municipal ordinances, conviction under one of such acts or ordinances shall be a bar to a prosecution or proceeding under the other or others.''

In *Owens* v. *Commonwealth*, 129 Va. 757, 760, 105 S. E. 531, Judge Prentis, speaking for the court, quotes the revisors' notes on this section as follows: "The statute as prepared by the revisors extends only to cases where a single act violates two statutes or two ordinances. They are of opinion that it should be extended still further to cases where a single act violates one or more statutes and one or more ordinances. This could be effected by inserting in the section in line two, after the word 'ordinance,' the words 'or of one or more statutes and also one or more such ordinances.'"

It has been twenty-one years since the section was last amended, and the legislature has not seen fit to change the section in accordance with the suggestion of the Code revisors, although the suggestion received the unanimous approval of this court. As the statute now reads, a prosecution under either the State statute or the municipal ordinance for one act, which is a violation of both, is not a bar to the prosecution for the same act by the other sovereign. Hence there was no error in rejecting the plea of former jeopardy.

The motion to dismiss the warrant, now under consideration, presents a more difficult problem. Code, section 3106, provides that any person convicted of a misdemeanor before a police justice shall have an appeal, as of right, to the corporation court of the city, "as now or hereafter provided by law for appeals from the judgment of a justice of the peace for the counties."

Code, section 4989, permits appeals from convictions by a justice as a matter of right. When an application is made for an appeal, it is the duty of the justice to "enter the allowance of appeal on the warrant * * * and forthwith return and file papers with the clerk of the court." Section 4990 provides that "the appeal shall be tried without formal pleadings in writing, and the accused shall be entitled to trial by a jury in the same manner as if he had been indicted for the offense in said court." In addition, the trial court is authorized,

either upon the request of the attorney for the Commonwealth, or the accused, or on its own motion, to amend the form of the warrant "in any respect in which it appears to be defective."

Judge Chinn, speaking for the court in *McWilliams* v. *Commonwealth,* 165 Va. 725, 727, 181 S. E. 391, 392, said:

"As said by this court in *Collins* v. *City of Radford,* 134 ¡Va. 518, 113 S. E. 735, 737: Trials on appeal to the circuit court are required 'to be conducted without formal pleadings (Code, section 4990); and the fullest provision is made for all amendments of the original warrant "in any respect in which it appears to be defective." (Code, section 4989.) Under the broad terms of the section last cited, if there had been, as there clearly was not, any substantial reason to suppose that the accused did not know from the warrant what he was charged with, the court could even have gone to the extent of discarding entirely the original warrant, issuing a new one for the offense, and proceeding to trial on that. The provisions of the statute are intended to give the court a free hand in conducting the trial on appeal in such way as to guarantee to the accused every substantial right, on the one hand, and, on the other, to cut off frivolous and purely formal objections.' " See *Harley* v. *Commonwealth,* 131 Va. 664, 108 S. E. 648.

■ ■ When it was brought to the attention of the trial court by the accused that the appeal warrant charged him with an offense against the State whereas he had been tried before the police justice for an offense against a city ordinance, it became the duty of the trial court to amend the warrant so as to conform it to the facts so brought to its attention. This court held, in *Eddy* v. *Commonwealth,* 119 Va. 873, 89 S. E. 899, that, where the act of an accused was a violation of both a city ordinance and a State statute, and the accused was prosecuted before the police justice for the offense against a city ordinance, he could not be tried on appeal for an offense against a State statute.

The trial court in this case, instead of amending the warrant to conform to the facts, remanded the case for further procedings before the police justice.

In *Read* v. *Commonwealth*, 24 Gratt. (65 Va.) 618, the accused appealed a conviction for petty larceny from a judgment of a justice of the peace. On the hearing the trial court remanded the case to the justice for further proceedings. It was held that, 'it is the duty of the court to try the case and to pronounce judgment, as if it had originated in that court. It was error, therefore, in the county court to remand the cause to the justice of the peace, to be tried by him. The justice had no further jurisdiction of the case, and the second trial by him was a nullity.

"How, then, did the case stand when it came back to the county court upon the second appeal? Just as it did before the order was made remanding it to the justice. That order, and all the intermediate proceedings, were null and void; and the prisoner was before the court by appeal, just as if they had not been taken, to be tried upon the charge of larceny laid in the warrant of arrest, in the same way as in like cases originating in that court.''

■ So far as this prosecution is concerned, the police justice lost all jurisdiction over the case when he noted the appeal, let the accused to bail, and delivered the papers to the clerk of the hustings court.

In *Seay* v. *Commonwealth*, 155 Va. 1087, 1093, 156 S. E. 574, 575, this court, speaking through Chief Justice Campbell, said: "When judgment of conviction has been pronounced the only prerogative a justice of the peace can lawfully exercise is to admit the accused to bail, if applied for immediately, or grant bail if subsequently applied for within ten days, or carry into execution the judgment. A magistrate's court is not a court of record, hence the mandatory provision of the statute that all papers shall be forthwith returned and filed with the clerk of the court vested with jurisdiction. When

this act has been performed by the justice of the peace his jurisdiction is at an end and any further act committed in connection with the judgment is *ultra vires* and void." *Ex parte Smith,* 124 Va. 791, 98 S. E. 10; *Peak* v. *Commonwealth,* 171 Va. 535, 199 S. E. 473.

The effect of the appeal from the police justice's decision was not only to deprive him of further jurisdiction but to annul his judgment of conviction. The police justice made no attempt to re-try the accused. He resorted to the device of executing a new warrant and writing thereon his former judgment, using substantially the same language, thereby making a new record for the same prosecution after a final disposition had been made of the case in the hustings court.

Mr. Justice Holt, speaking for the court in *Gemmell, Inc.* v. *Svea Fire, etc., Ins. Co.,* 166 Va. 95, 89, 100, 184 S. E. 457, 458, said:

"A court which hears a case *de novo,* which disregards the judgment of the court below, which hears evidence anew and new evidence, and which makes final disposition of the case, acts not as a court of appeals but as one exercising original jurisdiction.

\* \* \* \* \*

"See also, *Bullard* v. *McArdle,* 98 Cal. 355, 33 P. 193, 194, 35 Am. St. Rep. 176, to the same effect:

" 'By perfecting the appeal from the justice's court the case was entirely removed from that court, and only the superior court had thereafter jurisdiction in the matter. The judgment in the justice's court was not merely suspended, but by the removal of the record was vacated and set aside. *Thornton* v. *Mahoney,* 24 Cal. 569; *People* v. *Treadwell,* 66 Cal. 400, 5 P. 686. When the effect of an appeal is to transfer the entire record to the appellate court, and to cause the action to be retired in that court as if originally brought therein, as is the case when appeals are taken from a justice's court upon questions of law and fact, the judgment appealed from is completely annulled, and is not thereafter available

for any purpose: *Bank of North America* v. *Wheeler,* 28 Conn. 433, 441 (73 Am. Dec. 683) ; *Campbell* v. *Howard,* 5 Mass. 376; *Levi* v. *Karrick,* 15 Iowa 444; *Keyser* v. *Farr,* 105 U. S. 265 (26 L. Ed. 1025).' ''

■ The perfection of the appeal not only annuls the judgment of the police justice, but it is reversible error for a trial court to permit such judgment to be introduced in evidence before the jury on the trial of the case on appeal. In a *per curiam* opinion, *Green* v. *Commonwealth,* 170 Va. 619, 620, 195 S. E. 520, 521, it is said:

''The court is of opinion that upon a trial of an appeal from a trial justice, it is improper for the jury to be informed of the *quantum* of punishment given an accused by the trial justice. Code, section 4989, as amended by Acts 1932, ch. 172, and section 4990 provide that such an appeal must be tried *de novo.* When the warrant with the finding of the trial justice written thereon was given to the jury in this case, it effectually told the jury how much punishment he had given the accused. For this error, we reverse the judgment of the trial court and remand the case for a new trial.''

■ The question on appeal from a police justice's decision is not whether the judgment of the justice is correct, but whether the accused is guilty of the offense charged and for which he has been tried. The trial of the case on appeal is not a review of the proceedings before the police justice. In determining the guilt or innocence of the accused the judgment of the justice is disregarded.

■ The hustings court was clothed with full power to dispose of the case on the first appeal warrant and it was its duty to do so. It could have amended the warrant and proceeded to trial on the merits. In lieu of so proceeding it entered a final judgment dismissing the case from the docket and discharging the accused from custody. Such a judgment, whether right or wrong, is a final disposition of the prosecution. Whether or not, under the provisions of Code, section 4774, a new prose-

cution might have been instituted within the twelve months' limitation is not presented; hence we express no opinion on the applicability of the provisions of this section to the judgment of dismissal.

For the reasons stated, the judgment of the trial court is reversed, the verdict of the jury is set aside, and final judgment dismissing this prosecution will be entered in this court.

*Reversed and final judgment.*