# Staunton

## ERNEST MARTIN HUMPHREYS v. COMMONWEALTH OF VIRGINIA.

September 3, 1947.

Record No. 3238.

Present, Hudgins, Gregory, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

*George M. Warren* and *Dick B. Rouse*, for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *W. Carrington Thompson, Assistant Attorney General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The defendant, Humphreys, was, on June 13, 1946, tried, convicted and sentenced to six months in jail and a fine of $100 by the substitute civil and police justice of the city of Bristol on a warrant making this charge:

"Whereas, Ralph Hagy has this day made complaint and information on oath before me, Jno. E. Baumgardner, Clerk Civil and Police Court of the said City, that Ernest Martin Humphreys in the said City did on within the year 1946: Unlawfully endeavor to entice minor female into his car for immoral purposes and did molest and make improper advance to minor female—Contributing to delinquency of minor female."

He appealed to the corporation court and when the case came on for trial on September 13, 1946, the defendant asked to be tried by the court without a jury, in which motion the attorney for the Commonwealth joined, but the request was denied. The defendant also asked that the Commonwealth state the section of the Code under which he was to be tried, and that he be furnished a bill of particulars.

The Commonwealth's Attorney replied that he was

prosecuting the defendant under section 1923 of the Code,[1] and tendered his bill of particulars setting forth three charges, as hereinafter stated. The defendant thereupon moved that the Commonwealth elect upon which charge it would prosecute, and made the objection that each charge was not set forth separately in the warrant. The court replied that apparently the warrant covered only one offense, and that if the Commonwealth wanted to allege three offenses the warrant should be amended accordingly. Thereupon the warrant was amended to incorporate therein the bill of particulars, and the motion to require an election was denied. The defendant then stated, in reply to an inquiry from the court, that he had no further motion on the pleadings.

The warrant, as so amended, made the following charges against the defendant, referred to in the trial as "counts," and so termed herein for convenience:

### Count 1

"On the . . . . day of March, 1946, he made improper advances and exposed his person to Cornelia Hagy, a minor female *female* under 18 years of age, at her home in Bristol, Virginia."

---

[1] Section 1923. Causing or encouraging children under eighteen years of age to commit misdemeanors, et cetera.—Any person over eighteen years of age who shall cause or encourage any child under the age of eighteen years to commit any misdemeanor, or who shall send or cause any such child to go into any place for an unlawful purpose, or who shall in any way subject any such child to vicious or immoral influences, or who shall induce, cause, encourage or contribute toward the dependency, neglect or delinquency of any such child, shall be guilty of a misdemeanor, and upon conviction thereof shall be subject to a fine of not more than five hundred dollars, or imprisonment in jail for a period of not more than one year, or both; but where the offense consists of having or attempting to have intercourse with any female child under the age of eighteen years, the fact that such female was not of previous chaste chraacter or had been married may be shown in mitigation. This section shall not be construed as repealing or modifying or in any way affecting sections forty-four hundred and ten, forty-four hundred and eleven, forty-four hundred and fourteen, forty-five hundred and forty-eight and forty-seven hundred and sixty-four of the Code of Virginia.

## Count 2

"On the . . . . day of April, 1946, he made improper advances to and exposed his person to Shirley Lane and Tootsie Odum, minor females under 18 years of age, at the intersection of Commonwealth Avenue and Fairmount Avenue in Bristol, Virginia, while he was parked in a truck."

## Count 3

"On the 13th day of June, 1946, he attempted to entice Cornelia Hagy and other minor females into his truck by offering them money. At the same place and at the same time he attempted to entice Caroline Whitson, a minor female under 18 years of age, into his truck by offering her money."

In the course of the trial, the court struck out the Commonwealth's evidence relating to count two, and instructed the jury to return a verdict of not guilty on that count, and at the conclusion of the evidence the jury returned two verdicts, finding the defendant guilty on the first and third counts, and fixing his punishment at six months in jail on each. Upon those verdicts he was sentenced to a term of twelve months in jail and to that judgment this writ of error was awarded.

The assignments of error assail the action of the court in refusing to set aside the verdicts as contrary to the law and evidence; in refusing to require an election; in permitting an amendment to the third count changing the date of the offense charged therein, and in refusing to declare a mistrial. In the conclusions we reach on the case it is not necessary to discuss the assignments in detail.

In his brief the Attorney General properly concedes that the evidence is not sufficient to support a conviction on the third count. As he says, that count does not even impute a criminal purpose to the defendant, and the most that can be said of the evidence concerning it is that the defendant watched a group of children at play and offered a nickel to one of them.

This leaves for consideration only the charge contained in the first count. The evidence for the Commonwealth on that charge comes from Cornelia Hagy and Mrs. Ralph Hagy, her mother. The father was not then at home. At the time of the alleged offense, Cornelia Hagy was a young girl twelve years old, the daughter of Mr. and Mrs. Ralph Hagy, and living with her parents in Bristol. On a Saturday the defendant and another man came to their home to repair a leak in the plumbing. The defendant went upstairs to flush the toilet, while the other man stayed downstairs to locate the leak. Mrs. Hagy had some money upstairs, and since she did not know the defendant, she sent Cornelia and her little brother upstairs to watch while the defendant was at work. The little brother got tired and went downstairs, leaving Cornelia and the defendant together in the bathroom. The defendant then opened up his trousers, exposed himself and started towards Cornelia, who ran downstairs to her mother. As she was telling her mother what had happened, the defendant overheard her, and immediately ran down the steps and out of the front door, got into his truck and drove away leaving the other man to finish the work and carry the tools back to town.

The warrant alleged, as shown, that this incident occurred in March, 1946. Cornelia Hagy testified it happened in the spring of 1946, but she could not fix a definite time. Mrs. Hagy did not know the exact time "but it was during a school session of last year and during real cold weather and it happened on Saturday."

Thereupon the Commonwealth's Attorney, over the objection of the defendant, was allowed to amend the warrant further by alleging that the offense occurred in November or December, 1945. This was not error. Code, 1942 (Michie), secs. 4989, 4875, 4876, and cases hereinafter cited.

Nor was it error to refuse to set aside the verdict on this first count because contrary to the law and the evidence. It is a violation of section 1923 of the Code, *supra,* on which

the charge was based, to cause or encourage a child under eighteen to commit a misdemeanor, or to subject any such child to vicious or immoral influences. The evidence was sufficient to bring the acts of the defendant within the condemnation of the statute.

The serious question in the case is one of jurisdiction, not raised by the defendant in his brief, and apparently not called to the attention of the trial court, but presented to us by the Attorney General in his brief.

The record affirmatively shows that the offense charged in the first count was not presented to or dealt with in the court of the civil and police justice. The defendant was first charged with that offense by the amendment made by the corporation court after the trial on the appeal began in that court, and evidence was there first heard on that charge. It was a charge that had never been investigated and no evidence heard about it by the civil and police justice of the city of Bristol or his substitute.

The civil and police justice of Bristol is the judge of the juvenile and domestic relations court of that city, and is invested generally with the same jurisdiction and powers as are possessed by trial justices (Acts, Extra Session, 1942, ch. 7, p. 12).

Section 1923 of the Code, *supra*, under which the prosecution under the first count was had, is a part of chapter 78 of the Code entitled "Delinquent, Dependent and Destitute Children." Section 1905 is also a part of that chapter, and that section provides that juvenile and domestic relations courts in cities and counties "wherein the same have been or may hereafter be established according to law, * * * shall have exclusive original jurisdiction for the trial of all matters and cases arising under this chapter."

Section 1953e in chapter 81 of the Code dealing with juvenile and domestic relations courts, likewise gives to those courts exclusive original jurisdiction, among other things, of the prosecution and punishment of persons charged with contributing to the delinquency of children, or with any

other offense against children under eighteen, except certain felonies. See *Mickens* v. *Commonwealth*, 178 Va. 273, 16 S. E. (2d) 641.

Clearly the corporation court of Bristol did not have original jurisdiction to try the defendant on the charge made by the first count of the warrant. Sections 1920 and 1953j of the Code prescribe the procedure on appeals from the judgments of the juvenile and domestic relations courts.

The Attorney General frankly states that this lack of jurisdiction is decisive unless the defendant by not raising the point has waived it.

Want of this type of jurisdiction cannot be waived. It goes to the power of the court to try the charge. Since that power has been withheld from it by the sovereign, its trial of the charge was a vain thing and the judgment pronounced was a nullity. The point may be raised at any time, in any manner, before any court, or by the court itself.

This kind of jurisdiction is called "potential" jurisdiction by Mr. Lile in his Equity Pleading and Practice, 2d Ed., sec. 11, p. 6; and "where such jurisdiction is lacking in a particular case, it is a settled rule that any judgment or decree rendered therein is *coram non judice*, and void for all purposes." (Id., sec. 13, p. 7.)

Likewise to the point is this well-supported statement (Id., sec. 14, p. 8): "It is an equally well settled rule that where, in order to hear and determine a given cause, the court must usurp a power not vested in it under the instrument of its creation, no act or neglect, and no waiver or consent, of the parties, howsoever solemnly given, can diminish or enlarge the powers of the court. The maxim here is 'consent cannot confer jurisdiction.' "

"Jurisdiction of the subject matter can only be acquired by virtue of the Constitution or of some statute. Neither the consent of the parties, nor waiver, nor acquiescence can confer it. Nor can the right to object for a want of it be lost by acquiescence, neglect, estopel or in any

other manner. * * * * and the want of such jurisdiction of the trial court will be noticed by this court *ex mero motu.*" *Shelton* v. *Sydnor,* 126 Va. 625, 629-30, 102 S. E. 83. Also see, *Moore* v. *Norfolk, etc., Ry. Co.,* 124 Va. 628, 98 S. E. 635; *Southern Sand, etc., Co.* v. *Massaponax Sand, etc., Corp.,* 145 Va. 317, 133 S. E. 812; *Peak* v. *Commonwealth,* 171 Va. 535, 199 S. E. 473; *Nolde Bros.* v. *Chalkley,* 184 Va. 553, 35 S. E. (2d) 827; Burks' Pl. & Pr., 3rd Ed., sec. 35, pp. 39-40, and note 3.

In *Eddy* v. *Commonwealth,* 119 Va. 873, 89 S. E. 899, the defendant was convicted by the police justice of the city of Roanoke for violating a city ordinance against keeping a house of ill fame, and she appealed to the corporation court of the city. After the appeal was taken, the police justice substituted a warrant charging the defendant with violating a State statute covering the same offense, but prescribing a severer punishment. The defendant, not knowing of the substitution, entered a plea of not guilty in the corporation court and was convicted by a jury on the substituted warrant and sentenced accordingly. On discovering the substitution, she moved to vacate and arrest judgment on the verdict on the ground that the corporation court was without jurisdiction, which was overruled. On appeal to this court it was held that section 4106, Code, 1887 (now section 4987, amended), conferred exclusive original jurisdiction in that kind of case upon the police justice of the city; that there had never been a trial before the police justice on the warrant charging the defendant under the State statute; that the trial was an original proceeding in the corporation court of which that court had no jurisdiction, and that "clearly it was not within the power of plaintiff in error, had she desired to do so, to confer jurisdiction upon that court to try the substituted warrant against her, or waive her rights touching the court's jurisdiction." (119 Va. 876.)

The corporation court of Bristol had the right to amend the warrant to make the new charge, or to issue a

new warrant to cover that charge. Code, sec. 4989; *Robinson* v. *Commonwealth,* 111 Va. 844, 69 S. E. 518; *Collins* v. *Radford,* 134 Va. 518, 113 S. E. 735; *Ossa* v. *Appalachia,* 137 Va. 795, 119 S. E. 51; *Malouf* v. *Roanoke,* 177 Va. 846, 13 S. E. (2d) 319.

But upon making such an amendment or issuing such new warrant, the corporation court had no jurisdiction to try the defendant originally upon the new charge. It could then only remand the case for trial upon that charge to the juvenile and domestic relations court (civil and police justice) to which the statutes have given exclusive original jurisdiction.

We, therefore, reverse the judgment complained of, dismiss the charge in the third count of the warrant, but remand the case on the first count with direction to the trial court to send it back to the juvenile and domestic relations court for trial only upon the charge in the first count of the warrant.

*Reversed and remanded.*