**Salem**

JESSE BARTON LEDBETTER

v.

COMMONWEALTH OF VIRGINIA

No. 0483-93-3

Decided August 23, 1994

COUNSEL

Reelia R. Watson, for appellant.

Eugene Murphy, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**—Jesse Barton Ledbetter (Ledbetter) appeals his conviction by the Circuit Court of the City of Bristol for driving under the influence (DUI) on a new warrant issued by the court charging a violation of a state statute following his conviction in general district court on a defective warrant charging a violation of a city ordinance. Ledbetter asserts that (1) the circuit court had no subject matter jurisdiction to try the case on the new warrant and should have remanded the case to the general district court, (2) by issuing a new warrant, the nature and character of the offense was changed with respect to the defense he had intended to offer, (3) the Commonwealth was estopped from asserting that Ledbetter could be tried under a state statute at the circuit court level when the city had asserted in the general district court that the warrant charging a violation of a city ordinance was valid, and (4) the trial in the circuit court was barred by the Double Jeopardy Clause of the Fifth Amendment and by statute. We disagree and affirm the conviction.

## I.

## FACTUAL BACKGROUND

On July 11, 1992, Ledbetter was arrested for DUI in the City of Bristol. A city warrant was issued charging "[a] violation of Section 18.2-266 [sic], Code or Ordinances of this city, county, or town." In the City of Bristol General District Court, Ledbetter moved to strike the City's evidence on the ground that this warrant charged a violation of a city ordinance, § 14-53.2, which was not in compliance with Code § 15.1-132 requiring substantial conformity of such statutes to the state code.

In the alternative, Ledbetter asserted that the warrant was defective because it charged the violation of a city ordinance but recited a Virginia Code section. The court continued the case to allow the parties to brief the issues. The City Attorney submitted a brief asserting the compliance of the city ordinance with Code § 15.1-132 and stating that "no attempt is being made by the City to convict the Defendant in the instant case on the state statute." The court overruled Ledbetter's motion to strike and found him guilty of violating the city DUI ordinance.

Ledbetter appealed his conviction to the Circuit Court of the City of Bristol. Prior to trial in the circuit court, the Commonwealth's attorney made a motion to dismiss the warrant as defective and to issue a new warrant charging Ledbetter with a violation of Code § 18.2-266. Ledbetter did not object to the dismissal of the original warrant. However, he objected to the new warrant being issued, asserting that jeopardy had attached in the general district court and that the Commonwealth was estopped from denying the City's prior assertion that the warrant did not charge a violation of the Virginia Code. Ledbetter further asserted that an appeal of a general district court's judgment, while calling for a trial *de novo* pursuant to Code § 16.1-136, did not permit the prosecution to repudiate the evidence and argument of the prior trial. The trial court overruled Ledbetter's objections, stating that Code § 16.1-137 "contemplates a situation such as this." Evidence was then received. In closing argument, Ledbetter's counsel reiterated his objections and further asserted that the trial on the new warrant violated the constitutional prohibition of double jeopardy. Ledbetter was convicted of DUI, and this appeal followed.

## II.

## CIRCUIT COURT'S AUTHORITY TO ISSUE NEW WARRANTS

Ledbetter's first three arguments are directly addressed by Code § 16.1-137, which provides in pertinent part:

Upon the trial of the warrant on appeal the [circuit] court *may* . . . amend the form of the warrant in *any* respect in which it appears to be defective. But when the warrant is so defective in form that it does not substantially appear from the same what is the offense with which the accused is charged, *or even when it is not so seriously defective,* the judge of the court . . . if he sees good reason to believe an offense has been committed . . . *may* issue under his own hand his warrant reciting the offense [and] . . . trial *shall* proceed upon the new warrant . . . .

(Emphasis added).

■ Ledbetter first contends that upon issuing the new warrant, the circuit court lacked jurisdiction to try the new warrant and should have remanded the case to the general district court for trial under Code § 17-123. We disagree. To construe a statute, we must first look to its plain language. *Neeley v. Commonwealth,* 17 Va. App. 349, 355, 437 S.E.2d 721, 724 (1993). The judge "may" issue a warrant "so long as he has reason to believe an offense has been committed." Once a warrant has been issued, trial "shall" proceed after its issuance. Virginia courts have interpreted this statute as giving the court a free hand in trying the case on appeal. *Royals v. City of Hampton,* 201 Va. 552, 555, 111 S.E.2d 795, 798 (1960); *see also Malouf v. City of Roanoke,* 177 Va. 846, 855, 13 S.E.2d 314, 322 (1941).

■ The circuit court is expressly given jurisdiction by Code § 16.1-137 to try the case when it amends a warrant or issues a new warrant. Ledbetter asserts that Code § 17-123 requires the circuit court to remand to general district court any case where a misdemeanor is charged. We disagree. To hold that Code § 17-123 requires the circuit court to remand the case after issuing a new warrant would render part of Code § 16.1-137 meaningless. The circuit court is the proper forum to try cases when it issues a new warrant. *See Malouf,* 177 Va. at 855, 13

S.E.2d at 322.

Ledbetter further asserts that the Commonwealth was estopped from alleging that the warrant upon which he was tried in the general district court was invalid. He bases this assertion on the theory that the City Attorney argued for the validity of the warrant in the general district court. We disagree. On appeal, a conviction in the general district court is annulled, and a trial *de novo* is held in the circuit court. *See* Code § 16.1-136. The Commonwealth is no more bound by the assertions of the prosecutor in the first trial than is the defendant bound by his counsel's actions therein. *Cf. Walker v. Department of Pub. Welfare*, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982); *Royals*, 201 Va. at 555, 111 S.E.2d at 798.

Ledbetter's reliance on *Kelly v. Commonwealth*, 8 Va. App. 359, 382 S.E.2d 270 (1989), is misplaced. In *Kelly*, we were concerned with a concession made by the Commonwealth at trial which the Attorney General attempted to repudiate on appeal. Our ruling in that case has no application to a *de novo* appeal from the general district court to the circuit court.

Ledbetter further asserts that he was unprepared to defend against a warrant charging a violation of Code § 18.2-266 because his anticipated defense was based on his claim that the city ordinance under which he had been convicted in the general district court was invalid. The plain language of Code § 16.1-137 provides that the proper remedy for a defendant who believes himself prejudiced by an amendment of a warrant or the issuance of a new warrant is to seek a continuance. In relevant part, the statute states:

> But whether the warrant is amended or a new warrant is issued the court before proceeding to trial on the same may grant a continuance . . . upon such terms . . . as may be proper . . . .

Assuming, without deciding, that the issuance of the new warrant prejudiced Ledbetter's defense, his failure to avail himself of the proper remedy precludes our consideration of his claim of prejudice. The question of whether Ledbetter should have received a continuance was within the circuit court's discretion. Having failed to give the circuit court the opportunity to provide that

remedy, Ledbetter failed to preserve the underlying issue for appeal.

In sum, we hold that the circuit court acted within the discretion granted to it by Code § 16.1-137 in issuing a new warrant alleging a violation of the state DUI statute. Under the facts and circumstances in this case, the circuit court had good reason to believe that an offense had been committed. The warrant issued by the circuit court did not fundamentally change the nature of the offense with which Ledbetter had been charged in the defective warrant. Further, the circuit court correctly followed the express directions of the statute by trying the case itself rather than remanding it to the general district court.

The cases relied upon by Ledbetter are distinguishable from this case. In *Eddy v. Commonwealth*, 119 Va. 873, 89 S.E. 899 (1916), the lower court replaced the original warrant charging a violation of a city ordinance upon which the defendant was convicted in the lower court with a warrant charging a violation of the Code of Virginia after the defendant's appeal had matured in the circuit court and without her knowledge. *Eddy* did not involve the circuit court's authority to amend an old warrant or issue a new warrant consistent with the charge upon which the defendant was tried in the lower court. In *Humphreys v. Commonwealth*, 186 Va. 765, 43 S.E.2d 890 (1947), the circuit court added a new charge to the warrant. Here, Ledbetter was tried under a state statute that was identical to the city ordinance. Unlike the defendant in *Robinson v. Commonwealth*, 206 Va. 766, 146 S.E.2d 197 (1966), Ledbetter was aware at all times that he was to be tried for a violation of a DUI statute. Similarly, the defendant in *Malouf v. City of Roanoke*, 177 Va. 846, 13 S.E.2d 319 (1941), was unaware of the changes made by the circuit court to the warrant. The evidence shows Ledbetter had notice that the circuit court was issuing a new warrant, and he could have requested a continuance.

## III.

## DOUBLE JEOPARDY

■ Ledbetter also asserts that the trial on the new warrant was barred by the Double Jeopardy Clause of the United States Constitution. This position is without merit. *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294 (1984). An appeal *de novo*

from a general district court to a circuit court annuls the former judgment as completely as if no trial had ever occurred. *Gaskill v. Commonwealth*, 206 Va. 486, 489, 144 S.E.2d 293, 296 (1965). To allow a defendant to appeal a conviction in the general district court *de novo* and then plead double jeopardy in the circuit court would grant every criminal defendant who appealed an automatic pass to freedom.

Additionally, Ledbetter asserts for the first time on appeal that Code § 19.2-285 bars his trial on the new warrant because he was subject to a greater penalty than might have been imposed in the general district court. Under well-established rules of appellate review, we will not consider any issue not raised at the trial level. Rule 5A:18.

For these reasons, the judgment of the circuit court is affirmed.

*Affirmed.*

Coleman, J., and Elder, J., concurred.