BENTON, Judge,
concurring.
I concur in the opinion except for a portion of the section styled “COLLATERAL ATTACK ON THE PREDICATE FELONY.” I do not agree that Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), and United States v. Blevins, 802 F.2d 768 (4th Cir.1986), which applies Lewis, are applicable to this case. The holding in Lewis is based upon the United States Supreme Court’s (1) review of legislative history to determine Congress’ intent in passing the Omnibus Crime Control and Safe Streets Act of 1968, and (2) application of federal criminal law. The congressional intent when enacting that law and general rules of federal criminal law do not control our obligation to apply Virginia law in cases that do not implicate federal constitutional rights or the Supremacy Clause.
Furthermore, in this case we do not need to decide whether Lems is dispositive in a Virginia proceeding where there is a valid claim that a conviction is void under Virginia law. Cf. Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 894 (1947) (In Virginia, “where ... jurisdiction is lacking in a particular case, it is a settled rule that any judgment ... rendered therein is coram non judice, and void for all purposes”). The record clearly establishes that in 1969 the trial judge complied with former Code § 16.1-176(b) and properly obtained jurisdiction to try and sentence Dodson. Dodson has failed to establish that the trial judge lacked jurisdiction and that his conviction was void. Accordingly, the majority’s *305 discussion and application of the rule announced in Lewis is dicta.
For these reasons, and for the other reasons discussed in the majority opinion, I would affirm the conviction.