COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Humphreys
Argued at Chesapeake, Virginia


DOUGLAS ROBERT KENYON
                                          OPINION BY
v.    Record No. 3051-00-1          JUDGE LARRY G. ELDER
                                         MARCH 19, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Wilford Taylor, Jr., Judge

             Stephen F. Forbes (Forbes & Broadwell, on
             brief), for appellant.

             Robert H. Anderson, III, Senior Assistant
             Attorney General (Randolph A. Beales,
             Attorney General, on brief), for appellee.


     Douglas Robert Kenyon (appellant) appeals from his bench

trial conviction for driving under the influence (DUI) pursuant

to Code § 18.2-266.[1]  Appellant was convicted for that offense in

the district court and noted his appeal to the circuit court.

With appellant's consent, the Commonwealth terminated that

prosecution by nolle prosequi.  The Commonwealth subsequently

obtained a new warrant charging appellant with DUI based on the

same act of driving, and appellant again was convicted in the

_____

     [1] Appellant also was convicted for possession of marijuana.
Although he initially contested the marijuana possession
conviction on appeal, his brief indicates that he "voluntarily
withdraws his challenge to the marijuana conviction" and
contests "only . . . the DUI conviction in this appeal."

district court.  On de novo appeal to the circuit court, appellant again was convicted.

On appeal to this Court, appellant contends the circuit court (trial court) erred in denying his motion to dismiss the DUI charge on double jeopardy grounds.  He argues that the circuit court conviction was invalid because the district court lacked jurisdiction to re-try him following the dismissal of the prior charges by nolle prosequi and that the only way in which the circuit court could have obtained jurisdiction the second time would have been by direct indictment.

We hold that when appellant appealed the original district court conviction, that conviction ceased to exist.  Because the charge was disposed of by nolle prosequi in the circuit court before the court heard evidence, jeopardy did not attach in that court and the underlying charge also ceased to exist.  Thus, for purposes of double jeopardy, the first round of proceedings never occurred, and the second warrant provided the district court with the jurisdiction necessary for the conviction upon which the circuit court conviction was based.  Thus, we affirm appellant's conviction.

I.

BACKGROUND

In the early morning hours of June 20, 1999, appellant was arrested on a warrant for driving under the influence on June 19, 1999.  On November 19, 1999, appellant was tried in the

district court and convicted for that offense.  He noted an appeal to the circuit court, and a trial de novo was scheduled for January 24, 2000.

On January 24, 2000, the Commonwealth moved the circuit court to dispose of the DUI charge by nolle prosequi.  With appellant's consent, the circuit court granted the motion. Appellant was represented by counsel in both the district and circuit court proceedings.

On February 2, 2000, the Commonwealth obtained a new DUI warrant against appellant for the same act of driving.  On May 19, 2000, appellant appeared pro se in district court and again was convicted for DUI.  The record on appeal contains no transcript or statement of facts from that proceeding. Appellant again noted an appeal from that conviction.

On November 28, 2000, appellant appeared with counsel for trial in circuit court and moved to dismiss.  Counsel argued that the second district court DUI conviction violated double jeopardy principles and that the only proper way for the Commonwealth to have proceeded would have been to institute the second set of charges by direct indictment.  Counsel acknowledged "there is a way to [reinstitute the charge]," but he argued that "this is not the way to have done it."

The trial court denied the motion, explaining that "when the case was appealed to the circuit court [the first time], it was a trial de novo that wiped out the conviction, essentially

wiped out the case in lower court . . . like it never happened in [district court]."

The court received evidence and found appellant guilty of the DUI offense.  Appellant then noted this appeal.

## II.

## ANALYSIS

Under double jeopardy prohibitions,

> no person "shall . . . for the same offense
> . . . be twice put in jeopardy of life or
> limb."  This . . . provision [of the United
> States and Virginia Constitutions]
> guarantees protection against (1) a second
> prosecution for the same offense after
> acquittal; (2) a second prosecution for the
> same offense after conviction; and (3)
> multiple punishments for the same offense.

Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999) (quoting U.S. Const. amend. V); see Bennefield v. Commonwealth, 21 Va. App. 729, 739, 467 S.E.2d 306, 311 (1996) (noting that double jeopardy provisions of state and federal constitutions are coextensive).  Here, we consider the first and second protections in the context of Virginia's statutory scheme, which permits de novo appeals from district court misdemeanor convictions.

In Virginia, when misdemeanor charges are initiated by warrant and a defendant is convicted of those charges in district court, he may appeal to the circuit court for a trial de novo.  See Code § 16.1-136; Ledbetter v. Commonwealth, 18 Va. App. 805, 810-11, 447 S.E.2d 250, 253-54 (1994).  A de novo

hearing means a trial anew, and perfection of an appeal to the circuit court for trial de novo "annuls the former [district court] judgment as completely as if no trial had ever occurred." Ledbetter, 18 Va. App. at 810-11, 447 S.E.2d at 253-54 (emphasis added); see Malouf v. City of Roanoke, 177 Va. 846, 855-56, 13 S.E.2d 319, 322 (1941) (holding that in a de novo appeal, "'the judgment appealed from is completely annulled, and is not thereafter available for any purpose'" (quoting Bullard v. McArdle, 33 P. 193, 194 (Cal. 1893)) (emphasis added)). But see Code § 16.1-133 (providing that where misdemeanant withdraws appeal before it is heard in circuit court, conviction and sentence of district court are affirmed, either by operation of law if appeal is withdrawn within ten days after conviction or by order of circuit court if appeal is withdrawn more than ten days after conviction).

Thus, trial on the same charges in the circuit court does not violate double jeopardy principles, see Ledbetter, 18 Va. App. at 810-11, 447 S.E.2d at 253-54, subject only to the limitation that conviction in district court for an offense lesser included in the one charged constitutes an acquittal of the greater offense, permitting trial de novo in the circuit court only for the lesser-included offense, see, e.g., Buck v. City of Danville, 213 Va. 387, 388-89, 192 S.E.2d 758, 759-60 (1972). Even after an appeal to the circuit court is perfected, annulling the conviction in the district court, jeopardy does

not attach in a bench trial in circuit court until the court begins to hear evidence. See, e.g., Courtney v. Commonwealth, 23 Va. App. 561, 567, 478 S.E.2d 336, 338 (1996); see also Cantrell v. Commonwealth, 7 Va. App. 269, 280, 373 S.E.2d 328, 333 (1988) (holding that where nolle prosequi motion is granted after jeopardy has attached and accused does not consent to same, Commonwealth must show "manifest necessity" to avoid double jeopardy bar to further prosecution).

Here, although appellant was convicted for DUI in the district court, he noted an appeal of that conviction to the circuit court for trial de novo, thereby "annul[ling] the former [district court] judgment as completely as if no trial had ever occurred." Ledbetter, 18 Va. App. at 810-11, 447 S.E.2d at 253-54. Thus, appellant's district court conviction ceased to exist at that time, and jeopardy never attached in the circuit court because that court never heard evidence.

Because the district court conviction was annulled and because the DUI charge was disposed of by nolle prosequi in the circuit court before jeopardy had attached, the trial in the district court on May 19, 2000 did not violate double jeopardy principles and was sufficient to provide the district court with jurisdiction to try appellant. At common law, a nolle prosequi was "'a formal entry on the record by the prosecuting officer by which he declare[d] that he [would] not prosecute the case further.'" Black's Law Dictionary 1070 (7th ed. 1999) (quoting

22A C.J.S. Criminal Law § 419, at 1 (1989)). Under Virginia law, a nolle prosequi "shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown." Code § 19.2-265.3. A nolle prosequi is "a discontinuance which discharges the accused from liability on the [charging document] to which the nolle prosequi is entered. For the prosecution to proceed thereafter for the same offense, a new [charging document] is required." Miller v. Commonwealth, 217 Va. 929, 935, 234 S.E.2d 269, 273 (1977) (applying principle in context of felony indictments).

When the offense is a felony and "the trial court enters a nolle prosequi of [the felony] indictment, it lays 'to rest that indictment and the underlying warrant without disposition, as though they had never existed.'" Burfoot v. Commonwealth, 23 Va. App. 38, 44, 473 S.E.2d 724, 727 (1996) (quoting Arnold v. Commonwealth, 18 Va. App. 218, 222, 443 S.E.2d 183, 185 (applying principles in speedy trial context), aff'd on reh'g en banc, 19 Va. App. 143, 450 S.E.2d 161 (1994)) (emphasis added). "After a nolle prosequi of an indictment, the slate is wiped clean, and the situation is the same as if 'the Commonwealth [had] chosen to make no charge.'" Id. (quoting Arnold, 18 Va. App. at 222, 443 S.E.2d at 185); see Watkins v. Commonwealth, 27 Va. App. 473, 474-75, 499 S.E.2d 589, 590 (1998) (en banc) (applying principles to hold that termination of original

charges by nolle prosequi nullified Commonwealth's acceptance of plea agreement relating to original charges).

We hold likewise that when the offense is a misdemeanor and the charging document is a warrant, "a nolle prosequi . . . wipe[s] [the slate] clean, and the situation is the same as if 'the Commonwealth [had] chosen to make no charge.'" Burfoot, 23 Va. App. at 44, 473 S.E.2d at 727 (quoting Arnold, 18 Va. App. at 222, 443 S.E.2d at 185). Thus, both because appellant noted an appeal of the original district court conviction and because the circuit court, with appellant's consent, granted the Commonwealth's motion to dispose of that charge by nolle prosequi before jeopardy had attached in the circuit court,[2] the original charge and district court conviction ceased to exist. As a result, appellant's second trial in the district court for misdemeanor DUI did not violate double jeopardy principles.[3] As

---

[2] Appellant does not challenge the trial court's authority to grant the nolle prosequi.

[3] Appellant also contends that the second round of proceedings violated due process. However, appellant does not challenge the adequacy of notice or the hearing he received, and his arguments amount to little more than a restatement of his double jeopardy claim. Therefore, we do not consider them separately. We also reject appellant's claim that allowing the Commonwealth "to refile a misdemeanor charge in the general district court after a nolle prosequi in the circuit court . . . would allow the Commonwealth to engage in impermissible forum shopping." As in the case of any nolle prosequi motion, the court must find good cause in order to grant such a motion, and the legislature apparently has concluded that such a requirement is sufficient to prevent abuse.

the district court thus had jurisdiction to try appellant on the second warrant, the district court conviction was sufficient to provide the circuit court with jurisdiction over appellant's <u>de novo</u> appeal.

For these reasons, we affirm appellant's conviction.

<u>Affirmed.</u>