# Wytheville

ANDY SMITH V. COMMONWEALTH.

June 15, 1933.

Present, All the Justices.

The opinion states the case.

*John B. Boatwright*, for the plaintiff in error.

*John R. Saunders, Attorney-General*, and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General*, for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

This prosecution has to do with an alleged violation of the game laws of Virginia.

The warrant issued by the justice of the peace is as follows:

"COUNTY OF BUCKINGHAM, to-wit:

"To A. J. Stegar, a constable of the said county:

"Whereas, C. H. Agee, game warden of the said county, has this day made complaint and information on oath before me, Elijah Newton, a justice of the said county, that Andy Smith in the said county, did on the 10th day of January, 1931, violate section 36 of Code of Virginia by hunting during closed season.

"These are, therefore, in the name of the Commonwealth, to command you forthwith to apprehend and bring before G. M. Rogers, justice of the said county, the body of the said Andy Smith, to answer the said complaint, and be farther dealt with according to law; and you are also directed to summon Sam Self as witnesses.

"Given under my hand and seal this 14th day of January, in the year 1931.

"ELIJAH NEWTON, J. P.   (L. S.)"

(Reverse side of warrant)

"February 24, 1931; case continued on motion of deft. till March 5, 1931, at 10 A. M., at Buckingham Courthouse."

The trial justice found the defendant guilty and fixed his punishment at a fine of $10 and costs. The defendant appealed the case to the circuit court, where there were two trials. The first resulted in a disagreement of the jury. In the second trial the defendant was found guilty and the penalty imposed was a fine of $25.

The warrant set forth above is the basis of the action. The necessary elements of the offense must be stated with some degree of particularity. The defendant is charged with violating section 36 of the Code of Virginia. When we turn to that section of the Code we find that its subject is the appropriation of glebe lands and church property, which, of course, is wholly foreign to any issue here.

As pointed out by the Attorney-General, the statutory reference was intended to be, section 36 of chapter 247 of the Acts of 1930. We must, however, take the warrant as we find it.

Again, what is the charge declared in the warrant against the accused? It is the "violation of section 36 of the Code of Virginia by hunting during closed season." This is too vague and indefinite in our opinion to satisfy the requirements of a criminal warrant. The law, as changed by the resolution of the Commission of Game and Inland Fisheries, which it is contended was violated by the accused, permits hunting certain kinds of game under certain conditions, and prohibits hunting other kinds under other conditions. What is the specific offense attributed to the accused? The warrant is fatally de-

fective as legal notice to the accused of what the offense was with which he was charged and which he had to meet.

In the case of *Com.* v. *Doss*, 159 Va. 968, 167 S. E. 371, 373, this court, through Justice Holt, said:

"The warrant is void upon its face and charges no crime.

\*        \*        \*        \*        \*        \*        \*

"It is perfectly true that the circuit court, under authority of section 4989 of the Code, had authority to amend the warrant, or, if deemed proper, to dismiss it and issue one under the hand of the judge. This was not done and it is the justice's warrant which is now before us for construction.

\*        \*        \*        \*        \*        \*        \*

"It is also true that warrants are not required to describe the offense with that particularity demanded of indictments, but they still must recite the offense charged."

In *Xippas* v. *Com.*, 141 Va. 497, 126 S. E. 207, it was said through Justice Campbell, now Chief Justice:

"It is unquestionably true that before an accused can be convicted of the violation of a statute, the crime charged must fall within the provisions thereof. It is also true that where no offense is charged in an indictment, the appellate court will reverse the judgment of the trial court, set aside the verdict of the jury, and award a new trial, even though no motion was made in arrest of judgment." See *Rose's Case,* 116 Va. 1027, 82 S. E. 699.

Having reached the above conclusion, it is unnecessary to address ourselves to the other points raised in this case.

We reverse the judgment of the trial court and remand the case.

*Reversed and remanded.*