# Richmond

WILLIAM V. ROBINSON v. COMMONWEALTH OF VIRGINIA.

January 17, 1966.

Record No. 6117.

Present, All the Justices.

*J. Sloan Kuykendall* (*Kuydendall and Whiting; Armstrong and Gibb*, on brief), for the plaintiff in error.

*W. P. Bagwell, Jr., Assistant Attorney General* (*Robert Y. Button, Attorney General*, on brief), for the Commonwealth.

CARRICO, J., delivered the opinion of the court.

William V. Robinson, the defendant, was charged upon a warrant alleging that he did "unlawfully *against a Warren County ordinance* allow his cattle to run at large, beyond the limits of his land, against the peace and dignity of the Commonwealth." [Emphasis added.]

He was convicted of the charge in the county court and appealed, as of right, to the circuit court. Code, § 16.1-132.

The defendant was tried upon the warrant in the circuit court, without a jury, and was again convicted. He was fined $100.00 and, to the final judgment of the trial court, was granted this writ of error.

The county ordinance in question, according to its language, was adopted by the Board of Supervisors of Warren County "in conformance with Title 8, Chapter 38, Article 4 of the Code of Virginia of 1950, as amended." Code, § 8-880, a part of Article 4, grants authority to the governing body of a county to "declare the boundary line of each lot or tract of land, or any stream in such county, or any magisterial district thereof, or any selected portion of such county, to be a lawful fence as to any" horse, mule, cattle, hogs, sheep or goats. Code, § 8-880 also prescribes the manner of advertising required for the adoption of an ordinance under its provisions.

Code, § 8-886 provides that it shall be unlawful for the owner or manager of any such animal to permit it to run at large beyond the limits of his own land where the boundaries of lots or tracts of land have been constituted lawful fences.

The ordinance adopted by the Board of Supervisors declared "the boundary line of each lot or tract of land, or any stream in said County of Warren, to be a lawful fence as to any horses, mules, cattle, hogs, sheep or goats."

The ordinance also provided that it would be unlawful for the owner or manager of any such animal to permit it to run at large beyond the limits of his own lands. Punishment by a fine of not less than $5.00 nor more than $300.00 was specified for a violation of the ordinance.

When the case came on for trial in the court below, the Commonwealth's Attorney moved to amend the warrant by striking therefrom the language, "against a Warren County ordinance." The defendant objected to the amendment and the court overruled the motion of the Commonwealth's Attorney.

At the conclusion of the Commonwealth's evidence and at the conclusion of the case, the defendant moved to strike the evidence, directing his attack principally to the alleged invalidity of the county ordinance. The defendant did not contest that portion of the ordinance which declared the boundaries of tracts to be lawful fences. He did, however, strongly assert the invalidity of that

portion of the ordinance making it unlawful to permit livestock to run at large.

During argument on the defendant's motion, "it was agreed by counsel that the ordinance of the County of Warren *upon which the warrant was based* was not advertised and published as required by Virginia Code Section 15-8 in effect at the time the ordinance was enacted." [Emphasis added.]

Code, § 15-8 (see present Code sections 15.1-504, 15.1-505 and 15.1-512), referred to in the agreement of counsel, conferred upon boards of supervisors the power, among others, to "make ordinances and by-laws and prescribe fines and other punishment for violations thereof ... [t]o prevent trespassing by persons, animals and fowls." The advertisement required for the adoption of an ordinance under Code, § 15-8 differed from that required by Code, § 8-880, under which the ordinance in dispute was adopted.

The trial court ruled that the provision in the ordinance making it unlawful for livestock to run at large was not enacted pursuant to Code, § 15-8 but pursuant to Title 8, Chapter 38, Article 4 of the Code. The court further ruled that the penal portion of the ordinance was not validly enacted under Title 8, Chapter 38, Article 4 "because said Section of the Code did not authorize and empower the boards of supervisors of counties to make it unlawful for cattle to run at large and to impose a penalty for the violation thereof."

The court held, however, that the warrant charged an offense under Code, § 8-886 and thereupon overruled the defendant's motion and convicted him of a violation of that Code section.

Although there are a number of questions presented by this appeal, in the view we take of the case there is only one which need be considered because the answer thereto is determinative of the case. That question is: Was it proper for the trial court to convict the defendant of a violation of the state statute when the warrant charged a violation of the county ordinance?

The brief of the Commonwealth asserts that the warrant, from the outset, properly charged a violation of the state statute rather than the county ordinance and that the defendant's conviction thereon was proper. The brief suggests that "the language of the warrant, 'against a Warren County ordinance,' could probably be treated as surplusage."

We are of opinion, however, that the language, "against a Warren County ordinance," is entitled to be weighed with more significance than the Commonwealth would attach to it. The language was not

treated as surplusage in the trial court and it cannot be so treated here.

There can be no doubt, from a reading of the record, that the Commonwealth's Attorney, the defendant and the trial court all considered that the warrant charged a violation of the county ordinance. Were that not so, there would have been little reason for the Commonwealth's Attorney to seek to amend the warrant by deleting the disputed language therefrom; for the defendant to concentrate his attack upon the ordinance; for the attorneys to agree that the ordinance "upon which the warrant was based" was not properly advertised under Code, § 15-8, and for the trial court to give so much consideration to the question of the validity of the ordinance.

It is true that a warrant is not required to describe an offense with that particularity demanded of an indictment, but it still must recite the offense charged. *Commonwealth* v. *Doss,* 159 Va. 968, 973, 167 S. E. 371.

It is also true that the judge of the trial court, under the authority of Code, § 16.1-137, had the power to amend the warrant or, upon good reason, to dismiss it and issue a new one, under his own hand, properly charging a violation of the state statute, before the trial proceeded. *Malouf* v. *City of Roanoke,* 177 Va. 846, 852, 853, 13 S. E. 2d 319; *Smith* v. *Commonwealth,* 160 Va. 943, 946, 169 S. E. 550.

But this the trial court did not do. Instead, the court denied the Commonwealth's motion to amend the warrant so as to convert it to one charging a state offense. The trial proceeded upon the warrant as it was originally issued, containing the expression, "against a Warren County ordinance."

It is obvious, from the record, that it was not until it became apparent that the penal portion of the ordinance was fatally defective that the court's attention was shifted to a consideration of the penal provisions of the state statute. But, instead of convicting the defendant under the state statute, the court should have dismissed the warrant.

We say this because, when the evidence was concluded and the defendant's motion to strike was made, the court was bound to take the warrant as it then read. All it charged at that time was a violation of the county ordinance. Against that charge the defendant was entitled to assert the invalidity of the ordinance. The warrant was ineffective to give the defendant legal notice that he was charged

with a violation of the state statute, against which his defense, and his preparation therefor, might well have been quite different.

We hold, therefore, that it was error for the trial court to convict the defendant of a violation of the state statute upon the warrant which, at the time of conviction, charged a violation of the county ordinance. Accordingly, the judgment of conviction will be reversed and the warrant dismissed.

*Reversed and dismissed.*