## CIRCUIT COURT OF HENRICO COUNTY

Henrico County

v.

Walter R. Gambill

June 9, 1969

Case No. M-1695

By JUDGE E. BALLARD BAKER

The defendant is charged with allowing his dog named Andy to run at large. At the trial, the evidence was that the defendant's dog was in the street chasing a car when observed by the dog warden and then ran into the defendant's yard. This was at 8:10 p.m. on January 29, 1969. The defendant admitted owning the dog. The defendant offered no explanation why Andy was on the street.

The County ordinance is Section 2-21(g). This provides a penalty for anyone "who permits his dog to run at large in the County of Henrico . . ." There is no issue as to the running at large, but the defendant contends the County has not proven that he permitted this.

In *Rice v. Turner*, 191 Va. 601 (1950), in a civil case involving Section 8-886 of the State Code, which makes it unlawful "for the owner . . . of any horse, mule, cattle . . . to permit any such animal . . . to run at large . . ." the Court said:

This language implies knowledge, consent, or a willingness on the part of the owner for such domestic animals to run at large. The statute does not cover a situation where the owner has used ordinary care to keep his stock confined to the premises. 191 Va. 605.

A number of cases from various jurisdictions can be cited supporting this language, some involving criminal cases. 4 Am. Jur. 2d, *Animals*, § 116; 3 C.J.S., *Animals*, sect. 131. In its brief filed in *Robinson v. Commonwealth*, 206 Va. 766 (1966), the Attorney General took the position that Section 8-886, as applicable to a criminal prosecution, requires that the owner have knowledge of the running at large. *Robinson* was decided on another point, however.

The County ordinance, and § 29-194 of the State Code which authorizes the ordinance, both use the word "permits."

"Permit" means to allow something to be done. Under the ordinance, the defendant is guilty if the County has proven, beyond a reasonable doubt, that he allowed Andy to be out at 8:10 p.m. on January 29, 1969.

The position of the County is that a showing that Andy is owned by the defendant and was on the street near the defendant's home makes a prima facie case that this was with the defendant's permission, and, in the absence of an explanation from the defendant, is sufficient for a conviction.

In *Clemmer v. Commonwealth*, 208 Va. 661 (1968), the Supreme Court of Appeals, in reversing a driving under the influence conviction, stated:

> The burden was on the Commonwealth to prove that the defendant was under the influence of intoxicants, not on the defendant to prove that he was not. The Commonwealth's evidence must exclude every reasonable hypothesis of innocence. Until that is done, the defendant is not required to explain or to offer evidence of his innocence. (208 Va. 666).

The case comes down to the point of whether Andy's presence on the street excludes every reasonable hypothesis of innocence. The Court can think of some ways in which a dog could be on the street without permission of the owner. Andy's presence on the street does not eliminate the reasonable possibility that the defendant was not aware of the fact.

In *Rice v. Turner, supra,* the Supreme Court held that ". . . proof of the fact that the cow was on the highway, unattended, was not in itself sufficient to establish a prima facie case of negligence on the part of the defendant." (191 Va. 604).

If the presence of a cow on the highway is insufficient to establish a prima facie case of negligence in a civil case, the presence of a dog on a county street is insufficient to establish a prima facie case of guilt in a criminal case.

In the absence of evidence to show that Andy was frequently running at large, or had been out for some reasonable time, or other evidence which would support an inference that the defendant must have been aware that Andy was on the street, there is no evidence that the defendant permitted this.

On the evidence and the authorities, the Court is of the opinion that the warrant must be dismissed.