# CIRCUIT COURT OF ROCKINGHAM COUNTY

Commonwealth of Virginia

v.

Boltz

April 9, 1986

Case No. 9819

By JUDGE PERRY W. SARVER

The Court has before it Defendant's Motion to Strike after hearing the Commonwealth's evidence on December 30, 1985. The Motion is based upon two grounds.

(1) The Rockingham County Ordinance is invalid since there has been no amendment to the Ordinance since that amendment made in August, 1978 (Supp. # 2), and the Virginia Code section that it attempts to incorporate by reference was adopted subsequent to that date.

(2) If the Ordinance is invalid, then the arrest warrant is invalid and the Commonwealth cannot amend an invalid warrant of arrest.

(3) If the Court denies Defendant's Motion to Strike, and after hearing all of the evidence, can Defendant be convicted of improper driving on the theory that it is a lesser included offense?

*First Issue*: The Court finds that while the Ordinance is not unconstitutional, it is unenforceable as to those Virginia Code sections that it attempts to incorporate by reference and enacted by the General Assembly subsequent to August, 1978.

The charge in the arrest warrant is that Defendant did:

Operate a motor vehicle while such person has a blood alcohol concentration of 0.15% or more.

The County cites as the statute violated, § 11-1 of the County Code. Section 11-1, adopted June 21, 1972, and amended August, 1978, provides in part that:

Pursuant to the authority of § 46.1-188 of the Code of Virginia, as amended, all of the provisions and requirements of the laws of the State contained in Title 46.1 and Article 2, Chapter 7, Title 18.2 of the Code of Virginia, as amended, except those provisions and requirements the violation of which constitutes a felony, and except those provisions and requirements which by their very nature can have no application to or within the County, are hereby adopted and incorporated in this Chapter by reference and made applicable within the County. . . .

The particular Virginia Code section that the County attempts to enforce in this proceeding by way of incorporation through the provision of County Code § 11-1 and Virginia Code § 46.1-188 is § 18.2-266 of the Virginia Code which was amended in 1984, and said amendment rewrote this section. The principal change was added language providing that "it shall be unlawful for any person to drive or operate any motor vehicle, engine or train while such person has a blood alcohol concentration of 0.15 percent or more by weight by volume as indicated by a chemical test. . ." the gravamen of the offense now before the Court.

Defendant relies upon an opinion of the Attorney General dated April 20, 1982, and the cases cited therein to support his argument that the amended Virginia Code Section 18.2-266 was not incorporated into the County Code since § 18.2-266 was amended in 1984, and § 11-1 of the County Code was last amended in 1978, and that the County, acting through its Board of Supervisors, cannot incorporate by reference State statutes that have not been enacted at the time of the incorporation by reference.

The Court is of the opinion that it is an unlawful delegation of its legislative powers when the County takes the position that all future amendments to State code sections are as effectively incorporated into the County Code as are those State statutes in existence at the time of the adoption of the County code provision making such incorporation. While the County is delegating back to the Virginia Legislature, the original source of these police powers, the Court is of the opinion that the local Board of Supervisors cannot do so blindly. That is, the Board cannot incorporate into its local County Code, statutes not in being at the time of the adoption of ordinances incorporating the statutes by reference. To hold otherwise, would be to permit them to completely delegate their legislative duties and responsibilities to another, and such is not permitted. 16A Am. Jur. 2d *Constitutional Law* § 374.

A local government may adopt by reference provisions of statutes or prior ordinances, and in such case the statute need not be set out in *totidem verbis*. The reference may be to a statute of the state, a preexisting ordinance of the municipality adopting it, or to a public record already established by law. *Tucson v. Stewart*, 45 Ariz. 36, 40 P.2d 72, 96 A.L.R. 1492.

The court in *State v. Lookabill*, 176 Neb. 254, 125 N.W.2d 695 (1964), held that a provision in an ordinance adopting rules and regulations of a statute as therein provided and as they might be amended was void as an unconstitutional attempt to delegate power to enact ordinances insofar as it attempted to make future amendments of the statute, amendments ipso facto of the ordinance. The court stated at page 697 that:

> It is a general rule that a legislative body such as a city council may not delegate its power to enact ordinances. The general police power possessed by a city is one of which a city cannot divest itself by contract or otherwise. . . .

While the County Code section now before the Court contains no provision referring to amendments and adopting future amendments to the Virginia Code, that is, in effect,

what the County is attempting to do. For the reasons previously stated this is an unlawful delegation of its legislative power.

*Second Issue*: The Commonwealth has rested its case in chief, and the Court heard argument of Counsel on the Motion to Strike. In the course of argument, the Commonwealth argued that if the Court rules that the Ordinance is invalid, then the Commonwealth should be allowed to amend, charging a violation of Code § 18.2-266.

The Supreme Court has previously held that:

> Trials on appeal to the circuit court are required to be conducted without formal pleadings (Code Section 4990) (now Code § 16.1-136); and the fullest provision is made for all amendments of the original warrant "in any respect in which it appears to be defective." Code 4989 (now Code § 16.1-137). *Malouf v. City of Roanoke*, 177 Va. 846, 13 S.E.2d 319 (1941), *citing Collins v. City of Radford*, 134 Va. 518, 113 S.E. 735, 737 (1922).

As stated by the court in *Robinson v. Commonwealth*, 206 Va. 766 (1966), and under similar circumstances:

> [T]he [trial] judge of the trial court, under the authority of Code, § 16.1-137, had the power to amend the warrant or, upon good reason, to dismiss it and issue a new one, under his own hand, properly charging a violation of the state statute before the trial proceeded. *Citing Malouf*, *id*. and *Smith v. Commonwealth*, 160 Va. 943, 946, 169 S.E. 550 (1933).

In *Robinson*, the Commonwealth made a motion to amend, converting the charge to a violation of the state code and this motion was denied. When the court's attention was directed to the portion of the ordinance that was fatally defective, the warrant should have been dismissed. When the evidence was concluded and the defendant's motion to strike was made, the court was bound to take the warrant as it then read. *Robinson* at page 769.

Accordingly, the Court rules that Defendant's Motion to Strike should be sustained on the second grounds as well, and the Commonwealth's Motion to Amend the warrant comes too late in the proceedings.

Having sustained the Defendant's Motion to Strike on the first two grounds, the Court need not consider the third issue raised during the course of the argument on said Motion.

The Commonwealth shall prepare an order of dismissal.