# CIRCUIT COURT OF STAFFORD COUNTY

Commonwealth of Virginia

v.

Richard Vernon, Jr.

### March 21, 1995

### Case No. (Criminal) 94000463-00

BY JUDGE THOMAS D. HORNE

This case came before the Court on an appeal from the General District Court of Stafford County. Richard Vernon, Jr., was charged in a summons by Trooper Womble of the Virginia State Police with speeding sixty-nine miles per hour in a fifty-five mile per hour zone. The summons identified the location of the offense as "2 m E Rt 603." At trial, the Defendant presented evidence that this spot is located in King George County, Virginia.

At the conclusion of the Commonwealth's evidence and again at the conclusion of the trial, counsel for the Defendant moved to strike the evidence and dismiss the charge based upon the evidence presented that the offense had in fact occurred in King George County. On this point, the evidence of the Commonwealth and that of the Defendant were in conflict. While the Trooper had written the summons so as to charge the location of the offense in King George County, her testimony at trial established beyond a reasonable doubt that the Defendant was observed speeding in Stafford County. It was not until the conclusion of all of the evidence and counsel had moved to strike the Commonwealth's evidence that the attorney for the Commonwealth moved to conform the summons to the evidence.

The Court may, in order to conform the warrant to the proof, amend or issue a new warrant. However, the exercise of such discretion by the Court is not unlimited. § 16.1-137, Code of Virginia. As the Supreme Court has observed:

when the evidence [is] concluded and the defendant's motion to strike was made, the court was bound to take the warrant as it then read. *Robinson v. Commonwealth*, 206 Va. 766, 769 (1966).

In the instant case, at the time the case was submitted to the Court for its decision, the summons alleged an offense which had occurred in King George County while the evidence showed the location of the offense to have been in Stafford County. Throughout the trial, counsel for the Defendant had challenged the venue of the instant prosecution. Accordingly, any question of venue was not waived. § 19.1-244, Code of Virginia, as amended. *Cf. Owusu v. Commonwealth*, 11 Va. App. 671 (1991) (subject matter jurisdiction).

Accordingly, the Court must conclude that the defendant is not guilty of speeding in King George County, as charged in the summons, and dismiss the charge.