COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


BERNARD LUTHER DENNIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2256-07-1                      JUDGE JERE M. H. WILLIS, Jr.
                                                         DECEMBER 9, 2008
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                               C. Peter Tench, Judge

            Charles E. Haden for appellant.

            Virginia B. Theisen, Senior Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on briefs), for appellee.

            *Amicus Curiae*:  The City of Newport News (Collins L. Owens, Jr.,
            Deputy City Attorney, on brief), for appellee.


        On appeal from his conviction of driving while under the influence of alcohol (DUI) in

violation of Code § 18.2-266, a second such offense committed within five to ten years, Bernard

Luther Dennis contends (1) that the trial court erred in denying his motion to dismiss because the

charging warrant referenced an invalid local ordinance, and (2) that the evidence was insufficient to

support his conviction of a second offense.[1]  We affirm the judgment of the trial court.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The original order of conviction, dated August 24, 2007, captioned the case to show
 "City of Newport News" as prosecuting authority and recited the appearance of the
Commonwealth's attorney on behalf of the city.  By order entered November 12, 2008, *nunc pro
tunc* August 24, 2007, pursuant to Code § 8.01-428(B), the trial court identified and corrected a
clerical error and modified the order to identify the Commonwealth as the prosecuting authority,
being represented in that regard by the Commonwealth's attorney.

Facts

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

About 2:30 a.m. on September 23, 2006, Officer A.L. Hoxter stopped Dennis's vehicle because he was driving without his headlights illuminated. Hoxter noted a strong odor of alcohol about Dennis. Dennis stated he had drunk a beer an hour earlier. Hoxter removed Dennis from the vehicle and administered a series of field sobriety tests, which Dennis failed to complete satisfactorily. When Dennis blew into an "alcosensor" machine, it gave a reading of .11.

Hoxter obtained a warrant charging Dennis with DUI, in violation of sections "26-8, 18.2-266/18.2-270, Code or Ordinances of this city, county or town[.]"[2] The warrant charged Dennis committed the offense "after having committed one prior violation of § 18.2-266 or an offense set forth in subsection E of § 18.2-270 during a period of five to ten years from the date of the current offense." Describing the charged offense with language nearly identical to that contained in Code § 18.2-266, the Virginia statute prohibiting DUI, the warrant alleged appellant had

---

[2] Section 26-8(a) of the Code of Ordinances of the City of Newport News (Newport News Code) provided in pertinent part:

> Pursuant to the authority of Sections 46.2-1313 and 1-220 of the Code of Virginia, all of the provisions and requirements of the laws of the state contained in Title 46.2 of the Code of Virginia, as amended, except those provisions and requirements the violation of which constitutes a felony, and except those provisions and requirements which, by their very nature, can have no application to or within the city, are hereby adopted and incorporated in this chapter by reference and made applicable within the city. The incorporation by reference contained in this section shall include any future amendments to laws or regulations so referenced.

drive[n] or operate[d] a motor vehicle while having a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath; or while under the influence of alcohol; or while under the influence of a narcotic drug or other self-administered intoxicant or drug, or a combination of drugs, to a degree which impaired the accused's ability to drive or operate a motor vehicle safely; or while under the combined influence of alcohol and a drug or drugs to a degree which impaired the accused's ability to drive or operate a motor vehicle safely.

The Newport News General District Court found Dennis guilty as charged. He appealed to the trial court. In the trial court, Dennis moved to dismiss the charge, contending Newport News Code § 26-8 was invalid as violating Dillon's Rule. He argued that Newport News Code § 26-8 did not incorporate by reference Title 18.2 of the Code of Virginia and did not adopt future amendments to the Code of Virginia. The trial court denied the motion to dismiss and amended the warrant to eliminate the reference to Newport News Code § 26-8.

At trial, the Commonwealth introduced a certified copy of Dennis's 1997 conviction of DUI in the Newport News General District Court. The warrant underlying that conviction charged him with "driv[ing] or operat[ing] a motor vehicle while under the influence of alcohol . . . to a degree which impaired [his] ability to drive or operate a motor vehicle." The warrant charged he had violated sections "26-72/18.2-266, Code or Ordinances of this city."[3] Dennis argued that Newport News Code § 26-8 was invalid, rendering his 1997 conviction invalid and insufficient to constitute a prior conviction.[4] The trial court rejected this argument and found Dennis guilty of DUI in violation of Code § 18.2-266, a second offense committed within five to ten years.

---

[3] Newport News Code § 26-72 incorporated by reference "Article 2 (Section 18.2-266 et seq.) of Chapter 7 of Title 18.2, Code of Virginia, as amended and as they shall be amended in the future . . . ."

[4] Appellant's argument in the trial court, and on appeal, seemingly ignores the fact that the 1997 conviction order refers to Newport News Code § 26-72, not Newport News Code § 26-8.

I.

Dennis contends the trial court erred in amending the warrant to eliminate reference to Newport News Code § 26-8.

> Under Rule 3A:4, an arrest warrant must describe the offense charged. This description must comply with Rule 3A:7(a), which deals with the description of the charge that must be contained in an indictment. We have held under this rule that an indictment must give an accused notice of the nature and character of the offense. Wilder v. Commonwealth, 217 Va. 145, 225 S.E.2d 411 (1976). The same, therefore, is true of warrants.

Greenwalt v. Commonwealth, 224 Va. 498, 501, 297 S.E.2d 709, 710-11 (1982). Notice ensures that the accused "can adequately prepare to defend against his accuser." Willis v. Commonwealth, 10 Va. App. 430, 437-38, 393 S.E.2d 405, 409 (1990).

"[T]rial courts have substantial discretion to amend warrants." Rawls v. Commonwealth, 272 Va. 334, 344, 634 S.E.2d 697, 702 (2006). Code § 16.1-137 provides that "[u]pon the trial of the warrant on appeal the [circuit] court may, upon its own motion or upon the request either of the attorney for the prosecution or for the accused, amend the form of the warrant in any respect in which it appears to be defective." Moreover, if a warrant charges a defendant under an improper or invalid county or municipal ordinance, the circuit court may amend it to charge the defendant under the relevant state statute. See Robinson v. Commonwealth, 206 Va. 766, 769, 146 S.E.2d 197, 200 (1966).

Prior to the amendment, the warrant, by its reference to Code § 18.2-266, provided Dennis with notice of the nature and character of the offense with which he was charged. The description of the offense contained language identical in all pertinent respects to Code § 18.2-266. The amendment of the warrant did not change the nature and character of the offense charged. Dennis claimed no surprise regarding the charge he was facing, nor did he

- 4 -

request a continuance to prepare for trial. Thus, the trial court did not err in amending the warrant and in denying Dennis's motion to dismiss.

II.

Dennis contends the trial court erred in permitting the Commonwealth to establish his prior DUI conviction with the 1997 order. He argues the prior judgment was void because of the alleged invalidity of Newport News Code § 26-8.[5]

Notwithstanding the inclusion of a reference to a Newport News ordinance, the warrant upon which Dennis pled guilty and was convicted in 1997 charged him with committing DUI in violation of Code § 18.2-266. He raises no challenge to the validity of Code § 18.2-266. "By the citation of the statute in the [warrant] [Dennis] was informed of the essential elements of the case against him." Reed v. Commonwealth, 3 Va. App. 665, 667, 353 S.E.2d 166, 168 (1987). The citation to the Newport News ordinance was mere surplusage, neither adding to nor subtracting from the sufficiency of the charge.

Code § 19.2-226 provides that "[n]o indictment or other accusation shall be quashed or deemed invalid" due to "omission or insertion of any other words of mere form or surplusage[.]" Accordingly, the trial court did not err in admitting the 1997 order and finding it sufficient to prove the prior offense.

Conclusion

The judgment of the trial court is affirmed.

Affirmed.

---

[5] Appellant's argument does not challenge the validity of Newport News Code § 26-72, the ordinance cited in the 1997 conviction.