COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


BARBARA GAIL WATKINS

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0975-96-3     JUDGE JOHANNA L. FITZPATRICK
                                             MAY 6, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                      George E. Honts, III, Judge

             Ross S. Haine, Assistant Public Defender,
             for appellant.

             Kimberley A. Whittle, Assistant Attorney
             General (James S. Gilmore, III, Attorney
             General, on brief), for appellee.


     Barbara Gail Watkins (appellant) was convicted in a bench

trial of the misdemeanor of contributing to the delinquency of a

minor in violation of Code § 18.2-371.  On appeal, she contends

that the trial court erred in allowing amendment of the arrest

warrant and finding the evidence sufficient to convict.  For the

following reasons, we affirm.

                           **BACKGROUND**

     On or about December 9, 1995, Kelly Buck (Kelly), a

sixteen-year-old girl, who was not attending school remained home

alone.  She told her father (Mr. Buck) that she was going to play

with friends, and that she would leave information regarding

where she could be located on the counter.  Later, her mother

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(Mrs. Buck) called Kelly at home and spoke to a woman who was with Kelly. The woman told Mrs. Buck that Kelly was going to see "Ashley." Mrs. Buck later identified the woman's voice as being that of appellant. When the Bucks arrived home around 4:00 p.m., Mrs. Buck saw appellant, a man, and Kelly in a car going down their driveway. Inside the house, they found some of Kelly's clothing missing, and no note or information regarding her whereabouts. Mr. Buck called the police and filed a missing person report.

Mr. Buck called appellant, whose son was a classmate of Kelly's, several times but got no response. He went to appellant's trailer between 8:30 and 9:00 p.m. that evening, but found no one at home. Later that night, Officer Hickman of the Rockbridge County Police Department also went to appellant's trailer and knocked on the back door. Appellant answered the door and denied that Kelly was in the trailer. However, the following morning, appellant called the Bucks and told them that Kelly was taking a bath and that she would bring Kelly home as soon as she was finished. The Bucks went to the trailer and retrieved Kelly, who had "hickies" (sic) on her neck. Appellant was then arrested.

During trial on April 22, 1996, appellant made a motion to strike at the close of the Commonwealth's case on the ground that the evidence was insufficient to prove that appellant rendered Kelly "in need of supervision" as charged in the warrant.

Subsequently, the Commonwealth moved to amend the warrant. The Statement of Facts reflects appellant's objections to the motion to amend as follows:

> [Appellant] objected to the [C]ommonwealth's making a motion to amend after [appellant] had made her motion to strike. [Appellant] also objected to the motion to amend on due process grounds, that the amended warrant was too vague to adequately inform [appellant] of the nature of the charges against her.

The trial court found that the Commonwealth had made a prima facie case that appellant's actions constituted a serious threat to the well-being of Kelly and allowed the Commonwealth to amend the warrant. No request for a continuance was made.

Appellant and her boyfriend testified that Kelly was a friend of appellant's son; that they picked her up from her home; that she spent the night with them in appellant's trailer by herself in the guest room; that appellant had not misled the Bucks; and that they thought Kelly had her parents' permission to spend the night.

At the close of the case, appellant renewed her motion to strike, arguing that:

> [T]he [C]ommonwealth had not made out a prima facie case establishing that Kelly met the additional definitions of delinquent, in need of services, or abused or neglected as defined in [S]ection 16.1-228, Code of Virginia.

The court overruled the motion, and found that appellant's actions "constituted a clear and substantial danger to the child's health that qualified Kelly as a child in need of

3

services."

## AMENDMENT OF THE WARRANT

Appellant first contends that the trial court erred in allowing the Commonwealth to amend the warrant of arrest because it expanded the breath of culpable behavior for which she could have been found guilty and thus, changed the "nature and character of the offense." We find no merit in this assertion.

The trial court acted within its discretion in allowing the Commonwealth to amend the warrant. The applicable statute is Code § 16.1-137, "Procedure on appeal when warrant defective," which provides in pertinent part as follows:

> Upon the trial of the warrant on appeal the court may, upon its own motion or upon the request either of the attorney for the prosecution or for the accused, amend the form of the warrant in any respect in which it appears to be defective. But when the warrant is so defective in form that it does not substantially appear from the same what is the offense with which the accused is charged, or even when it is not so seriously defective, the judge of the court having examined on oath the original complainant, if there be one, or if he sees good reason to believe that an offense has been committed, then without examination of witnesses, may issue under his own hand his warrant reciting the offense and requiring the defendant in the original warrant to be arrested and brought before him. Upon the arrest of the defendant on the new warrant and his production or appearance in court the trial shall proceed upon the new warrant. When there is an amendment of the original warrant the trial shall proceed on the amended warrant. But whether the warrant is amended or a new warrant is issued, the court before proceeding to trial on the same <u>may grant a continuance to the prosecution or to the defendant upon such terms as to costs as may be proper</u> under the circumstances of the case; provided, however, that if the warrant

5

> be amended or if a new warrant be issued
> after any evidence has been heard, <u>the
> accused shall be entitled to a continuance as
> a matter of right.</u>

(Emphasis added).

The trial court may permit amendment of the warrant at any time before it renders a decision in the case.  Code § 16.1-137 was intended to provide broad powers and abundant opportunity to amend a defective warrant where justice so requires.  See <u>Harley v. Commonwealth</u>, 131 Va. 664, 667, 108 S.E. 648, 649 (1921) (holding that reversal is not required "for formal imperfections of [a] warrant unless the ends of justice require it").  Additionally, the Statement of Facts does not disclose that appellant requested a continuance or argued surprise.  See <u>Robinson v. Commonwealth</u>, 111 Va. 844, 847, 69 S.E. 518, 519 (1910) (where "the accused did not ask for a continuance and there is nothing to indicate that he was prejudiced" by the amendment during trial, the irregularity is harmless).  Thus, appellant cannot now claim that the amendment was so prejudicial that the trial court was required, as a matter of law, to deny the motion to amend.  <u>See, e.g.</u>, <u>George v. Commonwealth</u>, 242 Va. 264, 411 S.E.2d 12 (1991), <u>cert. denied</u>, 503 U.S. 973 (1992).

Further, the amendment sufficiently apprised appellant of the nature of the charges against her.  In describing the nature and character of an offense, it is not necessary to follow the exact words of the statute.  See <u>Black v. Commonwealth</u>, 223 Va. 277, 288 S.E.2d 449 (1982).  Rules 3A:4 and 3A:6 may be satisfied

6

by simply citing the statute at issue -- the elements of the offense are deemed to be incorporated by reference.  See <u>Reed v. Commonwealth</u>, 3 Va. App. 665, 667, 353 S.E.2d 166, 168 (1987) ("By the citation of the statute in the indictment appellant was informed of the essential elements of the case against him.").

In the instant case, the warrant correctly cited the statute under which appellant was charged and convicted.  The amendment neither changed nor broadened the scope of the charge contained in the warrant.  Throughout the proceeding, appellant was aware that the charges were based on Code § 18.2-371 and covered her actions on December 9 and 10, 1995.  There was no allegation of surprise nor a request for the statutory remedy of a continuance.  Thus, the trial court properly allowed the amendment.

### SUFFICIENCY

Appellant next argues that the evidence was insufficient to prove that any action taken by appellant placed Kelly within the prohibitions of Code § 16.1-228.[1]  We disagree.

---

[1] Code § 16.1-228 defines a "child in need of services" as "a child whose behavior, conduct or condition presents or results in a serious threat to the well-being and physical safety of the child."  Additionally,

> to find that a child falls within these provisions, (i) the conduct complained of must present a clear and substantial danger to the child's life or health or (ii) the child or his family is in need of treatment, rehabilitation or services not presently being received, and (iii) the intervention of the court is essential to provide the treatment, rehabilitation, or services needed by the child or his family.

7

Clear and convincing evidence supported the trial court's finding that Kelly was both a "child in need of services" and one "in need of supervision" under Code § 16.1-228. Kelly was taken by appellant to her home where she spent the night with appellant's son without her parents' permission and was involved in sexual activity. Appellant was involved in preplanning this event, took the child from her home, lied both to Kelly's parents and the police about her departure and the circumstances surrounding her overnight stay. The court was justified in concluding that Kelly's family needed assistance and services to regain control over their daughter and to remove appellant's detrimental influence.

Sufficient facts also supported the court's conclusion that Kelly was a "child in need of supervision." Although enrolled, she did not regularly attend school. Her activities on December 9-10, 1995 showed an obvious lack of judgment and inability to

Code § 16.1-228 also defines a "child in need of supervision" as inter alia,

> A child who, without reasonable cause and without the consent of his parent, lawful custodian or placement authority, remains away from or habitually deserts or abandons his family . . . and (i) such conduct presents a clear and substantial danger to the child's life or health, (ii) the child or his family is in need of treatment, rehabilitation, or services not presently being received, and (iii) the intervention of the court is essential to provide the treatment, rehabilitation or services needed by the child or his family.

attend to her own health and safety during the hours in which she was supposed to have been in school.  Thus, the court was justified in concluding that its intervention was necessary to provide services to Kelly and her family.

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>